**U.S. DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GEORGE ALVAREZ AND MICHELLE ALVAREZ, PARENTS OF CHRISTINA ALVAREZ, DECEASED, and the ESTATE OF CHRISTINA ALVAREZ, DECEASED,

Plaintiffs,

v.

ABBVIE INC., ABBOTT LABORATORIES, and CITRON PHARMA, LLC,

Defendants.

CASE NO. 16-CV-8055-TJH-JEMx

District Judge: Hon. Terry J. Hatter, Jr.
Courtroom 9B

Magistrate Judge: Hon. John E. McDermott
Courtroom 640

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Action Filed: 10/31/2016

WHEREAS, the discovery phase of this case will involve the exchange of confidential business information and information involving the privacy rights of individuals, including the parties;

WHEREAS, the Court wishes to expedite the free flow of information between the parties, facilitate the prompt resolution of disputes over confidentiality, protect the parties from undue burden and expense, and ensure that protection is afforded only to material so entitled, now therefore, for good cause shown, IT IS ORDERED as follows:

1. This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced in the above-captioned case ("the Action") and designated as Confidential or "Attorneys Eyes' Only" during the discovery phase of this litigation.

2. In the event that any documents, interrogatory answers, responses to requests for admission, testimony, or other information or materials produced during the course of discovery of the Action are designated as being "Confidential" or "Attorneys' Eyes Only" in accordance with this Order ("Protected Information"), the Protected Information produced shall be maintained in confidence and not disclosed to any person (including representatives and employees of the producing or receiving party) except as provided herein and shall be subject to the provisions of this Order.

3. The term "Confidential Information," as used in this Protective Order, is defined in accordance with and follows Ninth Circuit law. Confidential Information is defined herein to include information that is not in the public domain and contains employee information, financial data and information, and any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential and proprietary information, including information protected from disclosure by FDA regulations including 21 C.F.R. § 20.63 and 21 C.F.R. § 314.430; information provided to defendants

Abbvie, Abbott Laboratories, and/or Citron Pharma, LLC (collectively, "Defendants") by third parties with the expectation that Defendants would keep such information confidential or pursuant to contracts that expressly require Defendants to maintain the confidentiality of the information or that is otherwise protected from disclosure by statute; names and other identifying information of patients in clinical studies or adverse event reports as well as the physicians who reported to Defendants adverse events concerning one of their patients; confidential client lists; information that is not generally available to the public that relates to, reflects or was or is used to help form Defendants' research, business and legal strategies, such as information that is not generally available to the public that relates to, reflects or was or is used to help form Defendants' research, business and legal strategies, such as business or marketing plans or studies; sales data that is kept confidential; pricing and financial information; discount information; rebate information; plaintiffs medical records and personal financial information; non-public financial data that would reveal Defendants' future strategic commitments; information relating to job performance evaluations or disciplinary actions; information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, sales volumes; and information concerning communication with government agencies. For purposes of discovery, "trade secret" shall include any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business and for which confidentiality or sensitivity has been reasonably maintained; and "proprietary" information shall mean any information in which a party has a protectable interest, including information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies and technologies, trade secret or other confidential research, development or commercial information or other non-public information about the financial and business affairs of the parties.

4. The term “Attorneys’ Eyes Only” information is defined herein to include any commercially sensitive, proprietary, and/or confidential business or financial information (including without limitation patents or other confidential research, development, commercial, financial, and/or proprietary documents and information, new drug applications, abbreviated new drug applications, confidential nonpublic contracts, profitability reports or estimates, sales reports, sales margins, and strategic plans) which could reasonably create a competitive disadvantage or cause substantial economic harm to the competitive position of the Producing Party if disclosed to a Competitor of the Producing Party; and any other category of material or information hereinafter given protected status by the Court, to the extent said material could reasonably create a competitive disadvantage if disclosed to a Competitor of the Producing Party.

5. The terms “Competitor” and “Competitors” means any individual or entity that is currently, or at any time during the pendency of this litigation becomes, engaged in a business competing with that of any of the Defendants. This includes any individual or entity researching, developing, manufacturing, marketing, or selling any pharmaceutical that directly competes with Depakote or divalproex sodium/valproic acid, or is actively investigating entering such business.

6. Any party to this Action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in the Action (hereinafter the “Producing Party”) may designate as “Confidential” or “Attorneys’ Eyes Only” any such information, document or material that it reasonably and in good faith believes constitutes or contains such information.

7. All materials designated “Confidential” or “Attorneys’ Eyes Only” under this Order shall be clearly stamped by the party or other person desiring such designation. For information produced in some form other than paper, and for any other tangible items, including, without limitation, compact discs or DVDs, the

producing party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Attorneys' Eyes Only." If only portions of the information or item warrant protection, the Producing Party shall identify the "Confidential" or "Attorneys' Eyes' Only" portions in an accompanying cover letter or by designation in the accompanying load file.

8. All testimony and exhibits provided at the depositions in this Action initially shall be considered "Attorneys' Eyes Only," and the court reporter shall mark all pages of deposition transcripts with the designation "Attorneys' Eyes Only - Subject to Further Confidentiality Review." In order to maintain the protected status of such testimony (including exhibits), the Producing Party must notify all other parties and the court reporter in writing of the specific pages and lines of the transcript that should be treated as Confidential or Attorneys' Eyes Only within thirty (30) days of receipt of the final transcript. Only the exhibits and those portions of the transcript so designated within that thirty (30) day period shall be deemed Confidential or Attorneys' Eyes Only. Counsel for the opposing parties may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Attorneys' Eyes Only.

9. All Confidential Protected Information, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall not be used for any purpose by the receiving party except for purposes in connection with the Action. However, nothing in this Protective Order shall affect Defendants' ability to review information that plaintiffs marked "Confidential" and report such information to regulatory agencies in compliance with their obligations under federal law.

10. Confidential Information that has been produced in this litigation, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, may be disclosed only to:

a. The parties to this Action, including designated in-house counsel for Defendants (and the clerical, secretarial and other staff working for in-house counsel in the legal department) and any employee that Defendants deem necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

b. The attorneys for the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such counsel;

c. The experts or consultants retained or consulted by the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such expert or consultant;

d. Any person who prepared or originated the document, who is indicated on its face as a recipient of a copy thereof, or who otherwise legitimately received a copy;

e. Any person who is scheduled to be a witness at deposition, hearing or trial in this Action where the Confidential Information is reasonably anticipated to relate to the testimony or knowledge of such witness;

f. The Court and related officials involved in this litigation, including judges, magistrates, commissioner, mediators, referees, jurors, court reporters, videographers, and other Court personnel (provided, however, that any material designated Confidential and filed with the Court is filed in accordance with the procedures for filing under seal described below); and

g. Any person designated by the Court and in the interest of justice, upon such terms the Court deems proper.

11. Attorneys' Eyes Only Information that has been produced in this litigation, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, may be disclosed only to:

a. The attorneys for the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such counsel;

b. The experts or consultants retained or consulted by the parties to this Action, including the partners, associates, and stenographic, secretarial, paralegal, clerical and other employees of such expert or consultant, provided that such experts and consultants are not employees of or consultants to a Competitor;

c. Any person who prepared or originated the document, who is indicated on its face as a recipient of a copy thereof, or who otherwise legitimately received a copy;

d. The Court and related officials involved in this litigation, including judges, magistrates, commissioner, mediators, referees, jurors, court reporters, videographers, and other Court personnel (provided, however, that any material designated Attorneys' Eyes Only and filed with the Court is filed in accordance with the procedures for filing under seal described below); and

e. Any person designated by the Court and in the interest of justice, upon such terms the Court deems proper.

12. Prior to disclosing Confidential or "Attorneys' Eyes Only" Information to any person listed in Paragraphs 10(c), 10(g), 11(b), or 11(e) above, the receiving party shall:

a. provide such person with a copy of this Protective Order;

b. and obtain from such person a signed statement in the form attached hereto as Exhibit A. Such statement shall be retained by the party and need not be filed with the Court or served upon opposing counsel unless required by the Court. Parties are required to maintain copies of all such statements obtained by them and may be required to produce them in camera to the Court upon request.

13. Any person listed in Paragraph 10(a), 10(b), 10(d), or 10(e) who receives materials containing Confidential Information shall:

    a. be advised of this Order;

    b. be directed to use such Confidential Information only for purposes in connection with this Action, and not for any other purpose; and

    c. be directed to refrain from disclosing or discussing such Confidential Information with any person other than those already subject to the terms of this Order.

14. Any person listed in Paragraph 11(a) or 11(c) who receives materials containing Attorneys' Eyes Only Information shall:

    a. be advised of this Order;

    b. directed to use such Attorneys' Eyes Only only for purposes in connection with this Action and not for any other purpose; and

    c. be directed to refrain from disclosing or discussing such Attorneys' Eyes Information with any person other than those already subject to the terms of this Order.

15. In the event the nonproducing party wishes to file materials designated as "CONFIDENTIAL," the nonproducing party shall file the materials conditionally under seal pursuant to the procedures set forth in Local Rule 79-5.2(b). Pursuant to that rule, if the document cannot be suitably redacted by agreement, the filing party may file an Application pursuant to Local Rule 79-5.2(a), but the supporting declaration must identify the material previously designated as Protected Information as well as the Producing Party, and must describe in detail the efforts made to resolve the issue. Within four days of days of the filing of the Application, the Producing Party who wishes the document to be sealed must file a declaration pursuant to Local Rule 79-5.2(b)(i). If the Application to seal is denied, the filing party may file the document in the public

case file (i.e., unsealed) no earlier than four days, and no later than ten days, after the Application is denied, unless the Court orders otherwise.

16. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information or Attorneys' Eyes Only Information shall be subject to the terms of the Protective Order to the same extent as the materials or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

17. Nothing contained herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

18. Any party who has designated any material "Confidential" or "Attorneys' Eyes Only" pursuant to this Order may consent to the removal of such designation by so notifying counsel for the other parties in writing.

19. Any party may object to a designation as follows:

    a. The party objecting shall notify the Producing Party in writing of that objection and shall specify the designated materials, or category or sub-set of information, to which the objection is made.

    b. Pursuant to Local Rule 37-1, the parties shall confer in good faith concerning any such objection. If the objection is not resolved within 10 days after mailing of the notice, then the receiving party shall follow the procedures set forth in Local Rule 37-2 to formulate a written stipulation and file a motion to remove the designation of Confidential or Attorneys' Eyes only. The party designating the document as Confidential or Attorneys' Eyes shall have the burden of evidentiary proof to establish grounds for such treatment as to each document or sub-set of documents where the designation has been placed at issue. Any such motion must be filed and served within 30 days after the expiration of the 10-day period for reaching agreement referenced to previously. Any briefing on this issue shall be filed under seal pursuant to the procedures set forth in Local Rule 79-

5.2(b). If a motion is filed, information subject to dispute shall, until further order of the court, be treated consistently with its designation.

20. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the receiving party shall:

    a. Promptly notify the Producing Party, in writing, and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is Protected Material under this Protective Order. Such notification must include a copy of the Protective Order; and

    c. Cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

21. If the Producing Party timely seeks a protective order and/or seeks to quash the subpoena, the party served with the subpoena or court order shall not produce any Protected Material before determination by the court from which the subpoena or order issued, unless the party has obtained the Producing Party's written permission. The Producing Party shall bear the burdens and the expenses of seeking protection in the applicable court of its Protected Material, and nothing in paragraphs 20 and 21 of this Protective Order should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.

22. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this Action. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude a party from seeking to impose such designation

or challenging the propriety thereof. In the event a party discovers that it inadvertently produced materials containing Protected Information without marking them as such in accordance with this Protective Order, that party may provide written notice to the receiving party that the materials should be treated as Confidential or Attorneys' Eyes Only, as applicable, in accordance with this Order. Upon receipt of such notice, the receiving party shall treat such materials as Confidential or Attorneys' Eyes Only, as applicable, and upon receipt of materials properly marked as "Confidential," or Attorneys' Eyes Only shall return or destroy the unmarked materials and shall reasonably ensure that others to whom the unmarked materials were disclosed have not retained copies. In the case of inadvertently produced privileged and/or work product documents, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

23. This Protective Order does not govern the use of Protected Information at trial. The Parties and the Court (or a Magistrate Judge to whom proceedings have been referred) shall determine the appropriate procedures to govern the use of Protected Information at trial.

24. The terms of this Order shall remain in full force and effect after termination of this action, unless modified, superseded, or terminated by the written agreement of the parties or by Order of this Court. Within 30 days after completion of this litigation, all Protected Information, including any writing or communication reproducing, paraphrasing, or otherwise disclosing such information, shall be collected by counsel for the receiving party and returned to the Producing Party; provided, however, that attorney work product or pleadings containing information derived from Protected Information may be destroyed rather than returned to the party who supplied such Protected Information. For purposes of this Order, this Action shall be considered "completed" upon entry of a dismissal with prejudice of the entire action or upon ten days following the entry of

judgment that has become final and non-appealable, or from which all appeals have been exhausted.

25. If any attorney work product or pleadings containing information derived from Protected Information is destroyed rather than returned to the party who supplied Protected Information pursuant to paragraph 22, counsel for the receiving party shall produce a certificate confirming the destruction of all such Protected Information (including, but not limited to, the original versions, all copies made, and all electronic versions) to counsel for the producing party within 60 days after completion of this Action.

26. All parties and other persons who receive Protected Information shall be under a continuing duty not to disclose such information obtained in the course of this litigation, and this duty shall continue in full force and effect after the completion of this Litigation.

27. No party may refuse or delay to answer or respond to any discovery request on the basis that the response or answer would contain Protected Information. Responsive documents may not be withheld from production on the basis that such documents contain or include Protected Information.

28. “Privileged” materials include any materials that contain information protected from disclosure as defined by the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

29. The entry of this Order shall neither be construed as a waiver of any right to object to the furnishing of information in response to discovery nor relieve any party of the obligation of producing information in the course of discovery. In the event that any responsive documents are withheld from production on the basis that such documents contain or include Privileged materials, the party withholding production of such documents shall provide a Privilege Log on a rolling basis, updated at regular and reasonable intervals, which shall state with respect to each responsive document being withheld or redacted on the basis that it contains

Privileged materials the following information: (1) the date of the document; (2) the author of the document; (3) the recipients of the document; (4) the specific privilege being invoked; and (5) a description of the document necessary to establish the existence of the privilege invoked. Information qualifying as attorney work product under federal law and created after August 17, 2010 are exempt from the requirements of this paragraph.

30. Parties withholding information on the basis of a privilege are required to redact privileged information from documents also containing non-privileged information and to produce the redacted document. A party cannot refuse to produce an entire document on the basis that the document contains both privileged and non-privileged information.

31. If there is a challenge to a "Privileged," "Confidential," or "Attorneys' Eyes Only" designation and the parties are unable in good faith to agree on whether the designation should remain, the party challenging the designation may move the Court to have the producing, responding or withholding party, as the case may be, make a witness available for a deposition limited to an inquiry concerning the "Confidential," "Privileged," or "Attorneys' Eyes Only" designation of any so-designated materials.

32. The inadvertent production of materials subject to a claim of privilege, work product, or other statutory or Court-ordered confidentiality shall not result in a waiver of any of the foregoing protections for the materials, or for any other privileged or immune materials containing the same or similar subject matter. An inadvertent production by a party in this Action shall not be used as a basis for arguing that a claim of privilege, work product, or other statutory or Court-ordered confidentiality has been waived in any other proceeding. If any party inadvertently produces such materials, upon receipt of notice of such disclosure, the receiving party shall promptly return or delete from its litigation support or other database(s) such materials; return or destroy its other copies, if

any, of such materials; destroy its notes or other work product reflecting the contents of such materials; and confirm in writing to the producing party that all copies of the recalled materials have been returned or destroyed in accordance with this Order. If the receiving party seeks to challenge the disclosing party's claim that the materials are privileged, protected, or otherwise subject to recall, it shall present the materials in dispute to the Court under seal for a determination.

33. This Court shall retain jurisdiction even after the termination of this Action to enforce the terms of this Order and to make such amendments, modifications, deletions and additions as the Court deems necessary and appropriate.

34. Parties and counsel are advised that an intentional failure to comply with this Protective Order may be considered contempt of court and/or sanctionable conduct.

IT IS SO ORDERED.

DATED: October 23, 2017

John E. McDermott

Hon. John E. McDermott

EXHIBIT A

CERTIFICATE OF ACKNOWLEDGMENT OF PROTECTIVE ORDER

I ______________________, declare that:

I have been given a copy of and have read the Protective Order entered in the action entitled *George Alvarez, et al. v. AbbVie, Inc., et al.*, U.S. District Court, Central District of California, Case No. 16-CV-8055-TJH-JEMx (the "Action"). I agree to abide by the Protective Order and not to reveal or otherwise communicate to anyone or utilize any of the information designated "Confidential" or “Attorneys’ Eyes Only” that is disclosed to me except in accordance with the terms of such Order. Specifically, but not by way of limitation, I agree to use such Protected Information only for purposes in connection with this Action, and not for any other purpose.

I acknowledge that any violation of the Protective Order may be punishable as contempt of court or through monetary sanctions ordered by the Court, or both, and agree to submit to the jurisdiction of the Court in the above-referenced case for purposes of enforcing compliance with the Protective Order.

Dated:

______________________________
Signature

______________________________
Printed Name

______________________________
Address